STATE of Wisconsin, Plaintiff-Respondent,

v.

Aaron EVANS, Defendant-Appellant.†

Court of Appeals

*No. 99–2315–CR. Submitted on briefs April 14, 2000.—Decided July 27, 2000.*

## 2000 WI App 178

(Also reported in 617 N.W.2d 220.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven D. Phillips,* state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Thomas J. Balistreri,* assistant attorney general.

Before Dykman, P.J., Eich and Vergeront, JJ.

¶ 1. EICH, J. Aaron Evans was convicted of kidnapping and two counts of sexual assault, and was sentenced to an aggregate prison term of eighty years. In conjunction with that sentence, the court ordered restitution "up to 25% of [Evans's] prison earnings account," leaving it to the Department of Corrections to determine the specific amount.

¶ 2. Evans appeals from the judgment of conviction, and from an order denying his motions for postconviction relief. He argues: (1) that the court erroneously exercised its discretion when it prevented a defense expert from being seated at counsel table for the purpose of assisting his trial attorney in cross-examining expert witnesses for the prosecution; and (2) that the court lacked statutory authority to impose restitution on the facts of this case.

¶ 3. We conclude that the circuit court properly exercised its discretion in declining to exempt Evans's expert from the court's witness sequestration order, and we affirm his conviction. We also conclude, however, that the restitution statute, WIS. STAT. § 973.20 (1997–98),[1] does not give the court authority to impose restitution in the manner employed in this case, and we therefore reverse that limited portion of the judgment and order.

## I. Witness Sequestration

¶ 4. Evans was charged with breaking into his ex-girlfriend's apartment and sexually assaulting her fifteen-year-old daughter. The prosecution used DNA samples extracted from physical evidence taken from

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

the apartment, and from tissue samples taken from the victim, to secure his conviction.

¶ 5. As the trial was about to begin, Evans's attorney, Michael Backes, requested that Dr. Alan Friedman, a listed expert witness for the defense, be exempted from the court's order sequestering all witnesses. Backes wanted Friedman to sit at counsel table to assist him in cross-examining the State's DNA witnesses. He said he needed Friedman's help because DNA evidence was "a complex matter," which he found "somewhat confusing." Backes also said he was unsure at that time whether Friedman would actually testify, suggesting that it was "unlikely." The prosecutor objected, claiming that it would be "unfair" to allow Friedman to hear the testimony of the State's experts, "[a]nd then at some point [he] may decide to testify," thus frustrating the purpose of the sequestration order. Backes then asked whether there would be "any objection" to Friedman's presence at counsel table if Backes would agree not to call him as a witness, to which the court responded: "[W]hy don't you see whether or not you can do this without his presence at the . . . counsel [table], and we'll go from here, with the State's witnesses being available to Dr. Friedman." Friedman never testified and Backes never raised the subject again.

¶ 6. The statute governing exclusion of witnesses, WIS. STAT. § 906.15, authorizes a judge to exclude witnesses from the courtroom so that they cannot hear the testimony of other witnesses. The purpose of sequestration is to assure a fair trial—specifically, to prevent a witness from "shaping his [or her] testimony" based on the testimony of other witnesses. *Nyberg v. State*, 75 Wis. 2d 400, 409, 249 N.W.2d 524 (1977), *overruled on other grounds by State v. Ferron*, 219 Wis.

2d 481, 579 N.W.2d 654 (1998). The statute does not, however, permit exclusion of "a person whose presence is shown by a party to be essential to the presentation of the party's case." Section 906.15(2)(c).

¶ 7. Sequestration of witnesses is within the discretion of the trial court. *See Ramer v. State*, 40 Wis. 2d 79, 82–83, 161 N.W.2d 209 (1968). And, as we have often said, our review of discretionary determinations is deferential: we do no more than examine the record to gauge whether the circuit court reached a reasonable conclusion based on proper legal standards and a logical interpretation of the facts. *See State v. Salentine*, 206 Wis. 2d 419, 429–30, 557 N.W.2d 439 (Ct. App. 1996).

¶ 8. One seeking relief from a sequestration order bears the burden of showing that the person sought to be exempted from the order is "essential"; a showing that the person's presence would be merely helpful or desirable is not enough. *Opus 3, Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628, 629 (4th Cir. 1996); *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir.), *cert. denied* 516 U.S. 980 (1995).[2] Other cases indicate that where, as here, the exemption is sought to enable a third party to assist a party's attorney in conducting the trial, he or she must show that the person "has such specialized expertise or intimate knowledge of the facts that [counsel] could not effectively function without the

[2] Wisconsin's sequestration statute, WIS. STAT. § 906.15(2)(c), is identical to the federal rule, Fed. R. Evid. 615 (3). And where a state rule mirrors the federal rule, we consider federal cases interpreting the rule to be persuasive authority. *See State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 528, 579 N.W.2d 678 (1998).

presence and aid of the witness." *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co.*, 519 F. Supp. 668, 678 (D. Del. 1981).

¶ 9. As indicated above, Backes's statements supporting his request were broad and unparticularized. And when he appeared to be unwilling to commit to not calling Friedman as a witness, the court suggested that the trial proceed with Friedman excluded from the courtroom and see whether counsel could get along without him, and that then "we'll go from [there]." On appeal, Evans repeats Backes's assertions about the complexity of DNA testing and suggests that had Friedman been allowed to hear the "actual testimony" of the State's witnesses, to see their exhibits and "to hear how those exhibits justified the [experts'] conclusions," he would have then been in a position to "interpret this testimony for [Backes] . . . [and] to recommend effective cross-examination strategies or techniques."

¶ 10. We are satisfied that, on this record, the circuit court did not erroneously exercise its discretion in denying Evans's request that Friedman be exempted from the sequestration order. Evans has not shown that Friedman's presence in the courtroom was "essential to the presentation of [his] case" within the meaning of WIS. STAT. § 906.15(2)(c). Helpful, perhaps, but not so essential that his attorney could not effectively function with Friedman in the hallway, rather than sitting next to him in the courtroom. Backes's statements to the circuit court, and Evans's assertions on appeal are characterized by generalization and vagueness. Friedman's qualifications in the field of

DNA testing were never established,[3] and Evans has not detailed any specific way in which Friedman would have assisted him with respect to the DNA evidence. Finally, as we have noted above, the circuit court kept the door open for defense counsel to make a more specific showing as to the necessity for Friedman's presence—an offer Evans never took up.

## II.  Restitution

¶ 11.  As we have noted above, the circuit court ordered Evans to pay "[r]estitution up to 25 percent of his prison earnings account," and the judgment of conviction contained the entry "TBD" under the heading "Restitution." The court explained in its decision on Evans's postconviction motions that the entry means, in essence, that restitution is "to be determined" by the department of corrections "pursuant to standard Milwaukee County procedure." The court went on to say that, under that procedure, "[i]f the Department determines that no restitution is required based on its investigation, restitution is set at zero; if it determines that restitution is required, the defendant has the opportunity to challenge the amount of restitution set by the Department in a court hearing."[4]

---

[3] Indeed, the prosecutor informed the court that, should Friedman be called to testify as an expert witness, he would challenge his "credentials."

[4] The court explained that it was simply following what is apparently the procedure used in all courts in Milwaukee County—where restitution is ordered in a "not more than" amount and determination of the exact figure is left to the department of corrections.

¶ 12. Evans claims that the circuit court lacked statutory authority to order restitution.[5] Whether a particular act is authorized by statute is a question of law which we review de novo. *See State v. Schmaling*, 198 Wis. 2d 756, 760, 543 N.W.2d 555 (Ct. App. 1995).

¶ 13. Restitution is governed by WIS. STAT. § 973.20, which requires courts to order full or partial restitution "under this section" to any victim of a crime "unless the court finds substantial reason not to do so and states the reason on the record." WIS. STAT. § 973.20(1r). After setting forth various restitution alternatives for specific offenses and injuries, the statute continues:

> (13)(c) The court, before imposing sentence or ordering probation, shall inquire of the district attorney regarding *the amount of restitution, if any*, that the victim claims. . . . If the defendant stipulates to the restitution claimed by the victim or if

[5] As a preliminary matter, the State argues that Evans lacks "standing" to contest the restitution order because he has not yet been directed to make any payments and because the department of corrections may ultimately decide to set the amount at zero. As Evans points out, however, the court, in sentencing him, stated: "He's to pay . . . [r]estitution up to 25 percent of his prison earnings account;" and the judgment of conviction states: "Restitution . . . [t]o be paid from up to 25% of prison earnings." Given that, says Evans, all that is left is determination of the amount. We agree. Even though, as the circuit court suggests, the amount could be set at $100 or $10, or even zero, and even though Evans has yet to be ordered to pay anything, the fact remains that a restitution order has been entered and has been, as Evans puts it, "hanging over his head" for more than two years. We decline to dismiss Evans's arguments on "standing" grounds.

any restitution dispute can be fairly heard at the sentencing proceeding, the court shall determine the amount of restitution before imposing sentence or ordering probation. In other cases, the court may do any of the following:

1. Order restitution of amounts not in dispute as part of the sentence or probation order imposed and direct the appropriate agency to file a proposed restitution order with the court within 90 days thereafter . . . .

2. Adjourn the sentencing proceeding for up to 60 days pending resolution of the amount of restitution by the court, referee or arbitrator.

3. With the consent of the defendant, refer the disputed restitution issues to an arbitrator acceptable to all parties, whose determination of the amount of restitution shall be filed with the court within 60 days . . . .

4. Refer the disputed restitution issues to a court commissioner or other appropriate referee, who shall conduct a hearing on the matter and submit the record thereof, together with proposed findings of fact and conclusions of law, to the court within 60 days of the date of referral. Within 30 days after the referee's report is filed, the court shall determine the amount of restitution . . . .

WIS. STAT. § 973.20(13)(c) (emphasis added).

¶ 14.   As may be seen, the statute sets forth four separate, alternative procedures to be used by courts in cases where restitution is ordered and the amount, for whatever reason, is unable to be determined at the sentencing hearing. There is nothing in the language of the statute suggesting that the list is open-ended or

non-exclusive.[6] Indeed, it states quite plainly that, where restitution is ordered by the court, but the amount is not determined at the sentencing hearing, "the court may do any of the following" things—it may select any of the four listed procedures. It is equally plain that, in this case, the court did none of these things. It did not direct that a restitution order be prepared and filed; it did not adjourn the sentencing for referral to a referee or arbitrator; it did not obtain Evans's consent for referral to an agreed-upon arbitrator; and it did not send the matter to a referee for a hearing and findings.[7] Instead, it set up and followed an entirely different procedure.

¶ 15. The court's oral pronouncement at sentencing, and the terms of the judgment of conviction, make it clear that restitution was being ordered and that the matter was being referred to the department of corrections to determine the amount. Whether, as the court posited in the postconviction proceedings, that amount might turn out to be anything—even zero—or whether, as happened here, months or years might elapse with no amount being set, is immaterial. Restitution is a

---

[6] When the legislature has wanted a list to be non-exclusive, it has so stated in the statute. *See, e.g.,* WIS. STAT. §§ 9.10(2)(r), 29.537(8), and 40.02(22)(b).

[7] As may be seen, all of the statutory procedures for determining the amount of restitution contain a sixty-day time limit. And while we said in *State v. Perry*, 181 Wis. 2d 43, 55, 56–57, 510 N.W.2d 722 (Ct. App. 1993), that that limit is directory, rather than mandatory, we also noted that our decision in that regard "should not be read to imply that the provision is merely discretionary or permissive," because the legislature had plainly intended "that the time limit be followed." In this case, all of the statutory time limits in WIS. STAT. § 973.20(13)(c) have been exceeded not just by days or weeks—or even by months—but by years.

statutory process and where, as was done in this case, a court constructs its own procedure to determine and set restitution—and that procedure is not authorized by the applicable and controlling law—the decision cannot stand.[8]

■

¶ 16.  We therefore reverse the judgment and postconviction order insofar as they order restitution. In all other respects, we affirm Evans's conviction.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.

---

[8] Citing language in WIS. STAT. § 973.20(13)(c) directing the court to inquire into "the amount of restitution, if any, that the victim claims," Evans also argues that because there is no evidence that the victim ever made a claim for restitution, or that any such request was made on her behalf, none may be ordered. Because we hold that the court's restitution order was unauthorized by law, we need not consider Evans's alternative argument for reversal.