STATE of Wisconsin, Plaintiff-Respondent,

v.

Derek J. COPELAND, Defendant-Appellant.

Court of Appeals

*No. 2008AP2713–CR. Submitted on briefs August 10, 2009.
—Decided February 24, 2011.*

2011 WI App 28

(Also reported in 798 N.W.2d 250.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David D. Leeper*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maura FJ Whelan*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Vergeront, P.J., Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Copeland appeals an order denying his motion to clarify the scope of a sequestration order in effect for a hearing on his claims of ineffective assistance of trial counsel. Copeland sought to prevent the prosecutor from sharing testi-

mony of other witnesses with Copeland's trial counsel, Attorney Peter Thompson, who was a witness subject to the sequestration order, before testifying at the adjourned hearing. The circuit court denied the motion, concluding that Wisconsin's sequestration statute, WIS. STAT. § 906.15 (2007–08),[1] did not grant it the authority to issue an order limiting a witness's communications with an attorney. After the court denied Copeland's motion, the prosecutor mailed a copy of a transcript containing the other witnesses' testimony to Thompson. Copeland immediately filed a motion for an order prohibiting Thompson from reading the transcript, which has not been addressed by the circuit court.

¶ 2. Copeland argues that the circuit court had the authority to issue a sequestration order prohibiting the prosecutor from both discussing the testimony of other witnesses with Thompson and prohibiting Thompson from reading a transcript of the hearing. We agree with Copeland in both respects. We conclude that circuit courts have broad discretion under WIS. STAT. § 906.15(3) to prevent an attorney from sharing during a recess the testimony of prior witnesses with a nonparty witness who has yet to testify and to prevent an attorney from giving a witness a transcript of that testimony.

¶ 3. We therefore remand and direct the circuit court to address Copeland's motion to clarify the scope of the court's sequestration order in the proper exercise of its discretion under WIS. STAT. § 906.15(3). If the court grants Copeland's motion, it must also address, as necessary: whether Thompson has learned about the testimony of the other witnesses by reading the tran-

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

script or discussing the testimony with the prosecutor; if so, whether Copeland has been prejudiced; and the issue of remedy.

## BACKGROUND

¶ 4. Copeland was convicted by a jury of one count of first-degree sexual assault of a child. At trial, he was represented by Attorney Peter Thompson. Copeland filed a postconviction motion alleging ineffective representation by Attorney Thompson and prosecutorial misconduct in that the State failed to provide exculpatory evidence. On October 14, 2008, the circuit court held a *Machner*[2] hearing at which time Thompson, along with all other witnesses subpoenaed, was sequestered.

¶ 5. Thompson had yet to testify when the court adjourned the hearing until January 6, 2009. Copeland's postconviction attorney moved to clarify the scope of the sequestration order to specify that the prosecutor was not to discuss with Thompson the testimony given at the hearing that day. The prosecutor opposed the motion, questioning whether a court could prohibit an attorney from talking with a potential witness in preparation for that witness's testimony.[3] The court allowed the parties to submit briefs on the issue, which they did.

¶ 6. In a written decision, the circuit court denied Copeland's motion to prohibit the prosecutor from discussing hearing testimony with Thompson. The court concluded that it lacked the authority to issue an order limiting communications between a sequestered witness and a prosecutor.

---

[2] *State v. Machner*, 92 Wis. 2d 797, 802–804, 285 N.W.2d 905 (Ct. App. 1979).

[3] The State appears to have abandoned this argument on appeal.

¶ 7. On October 28, 2008, the prosecutor mailed Thompson a copy of the transcript of the *Machner* hearing, and notified Copeland of this fact by letter dated November 6, 2008. On November 9, Copeland filed a motion seeking an order prohibiting Thompson from reading the transcript, and a motion for contempt against the prosecutor for violating the sequestration order. The circuit court has not ruled on the contempt motion. Copeland filed a petition for leave to appeal, which we granted.

## STANDARD OF REVIEW

¶ 8. This case requires us to decide whether, under Wis. Stat. § 906.15(3), a court entering a sequestration order has the discretion to prohibit an attorney from sharing during a recess prior witness testimony with a nonparty witness who has yet to testify. This is a question of law, which we review de novo. *State v. McClaren*, 2009 WI 69, ¶ 14, 318 Wis. 2d 739, 767 N.W.2d 550. This issue arises in the context of a motion to clarify the scope of a sequestration order. Circuit courts determine the scope of a sequestration order within the exercise of their discretion. *See State v. Green*, 2002 WI 68, ¶ 47, 253 Wis. 2d 356, 646 N.W.2d 298 (Abrahamson, C.J., concurring).

## DISCUSSION

¶ 9. In general, trial courts have broad discretion to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." Wis. Stat. § 906.11(1).[4] Wisconsin Stat. § 906.15 grants trial

---

[4] Wisconsin Stat. § 906.11(1) provides in full:

Control by judge. The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to do all of the following:

courts the more specific power to exclude and separate witnesses during a hearing or trial.[5] Subsection (1) of the statute requires the circuit court to order the exclusion of witnesses from the proceeding whenever a party requests it. Subsection (2) provides that some persons are exempt from the mandatory exclusion rule, including those "whose presence is shown by a party to be essential to the presentation of the party's cause." Section 906.15(2)(c). Thus, these subsections have no direct application here because they deal with direct-in-court exposure of one witness to the testimony of another.

¶ 10. The subsection at issue here is subsection (3), which grants discretionary authority to a circuit court to keep separate all excluded and non-excluded

(a) Make the interrogation and presentation effective for the ascertainment of the truth.

(b) Avoid needless consumption of time.

(c) Protect witnesses from harassment or undue embarrassment.

[5] In pertinent part, WIS. STAT. § 906.15 provides:

(1) At the request of a party, the judge or a circuit court commissioner shall order witnesses excluded so that they cannot hear the testimony of other witnesses. The judge or circuit court commissioner may also make the order of his or her own motion.

(2) Subsection (1) does not authorize exclusion of any of the following:

. . . .

(c) A person whose presence is shown by a party to be essential to the presentation of the party's cause.

. . . .

(3) The judge or circuit court commissioner may direct that all excluded and non-excluded witnesses be kept separate until called and may prevent them from communicating with one another until they have been examined or the hearing is ended.

witnesses and to prevent them from communicating with one another until they have testified or until the end of the hearing or trial. Wis. Stat. § 906.15(3).

■

¶ 11. "The purpose of sequestration is to assure a fair trial—specifically, to prevent a witness from 'shaping his [or her] testimony' based on the testimony of other witnesses." *State v. Evans*, 2000 WI App 178, ¶ 6, 238 Wis. 2d 411, 617 N.W.2d 220 (quoting *Nyberg v. State*, 75 Wis. 2d 400, 409, 249 N.W.2d 524 (1977) (*overruled on other grounds State v. Ferron*, 219 Wis. 2d 481, 496, 579 N.W.2d 654 (1998))). The concurring opinion in *Green* aptly summarizes the purpose of sequestering witnesses:

> The aim of exclusion and separation orders is to exercise restraint on witnesses tailoring their testimony to that of earlier witnesses; to detect testimony that is less than candid; and, when a witness's testimony is interrupted by a recess, to prevent improper attempts to influence the testimony in light of the testimony already given.

*Green*, 253 Wis. 2d 356, ¶ 48 (Abrahamson, C.J., concurring) (citations omitted). Courts should specify the scope of sequestration orders "so as to prevent potential misunderstandings." *Id.*, ¶ 49 (Abrahamson, C.J., concurring).

¶ 12. Copeland contends the circuit court erred by concluding that it lacked the authority to prohibit communications between a nonparty witness[6] and an

---

[6] Copeland does not specifically focus his arguments on a nonparty witness as opposed to a party witness. Nonetheless, the witness at issue here is a nonparty witness and the parties' arguments do not relate to party witnesses. There is case law

attorney about the testimony of earlier witnesses during a hearing recess. He argues that the court possesses broad power under WIS. STAT. § 906.15 and long-standing state and federal case law to prohibit a sequestered witness like Thompson from discussing with an attorney during a recess and before he testifies the testimony of other witnesses. This broad power, he asserts, includes prohibiting the witness from reading a transcript of the hearing testimony.

¶ 13. In response, the State argues the circuit court lacked specific authority under WIS. STAT. § 906.15 to prevent an attorney from discussing with a nonparty witness the testimony of other witnesses. The State argues that § 906.15(3), the subsection relating to communications during a court recess, refers only to preventing communications between or among witnesses, not to preventing communications between witnesses and attorneys.

¶ 14. WISCONSIN STAT. § 906.15(3) provides that a court "may direct that all excluded and non-excluded witnesses be kept separate until called and may prevent them from communicating with one another until they have been examined or the hearing is ended." Although this language does not explicitly reference communications between witnesses and attorneys, the only reasonable reading of the statute is that the court may restrict those communications when necessary to prevent indi-

distinguishing a trial court's authority to prohibit a party witness and a nonparty witness from discussing the testimony of other witnesses with an attorney. *See, e.g., Geders v. United States*, 425 U.S. 80 (1976) (an order preventing a defendant in the middle of being examined from consulting with trial counsel during an overnight recess infringes upon the defendant's Sixth Amendment right to counsel). We therefore frame the issues in this case as pertaining to nonparty witnesses.

290

rect communications, sharing one witness's testimony with another. *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶¶ 44, 46, 271 Wis. 2d 633, 681 N.W.2d 110 (we interpret statutory language to avoid unreasonable results and to effectuate the purpose of the statute). There is no practical difference between an attorney sharing the testimony of a witness with another witness who has yet to testify and the same two witnesses communicating directly with each other. The result is the same: the second witness receives information about the first witness's testimony. The second witness might then tailor his or her testimony to that of the first witness, potentially frustrating the fact finder's ability to discern the truth. Without the authority to restrict attorney-witness communication in these circumstances, courts would be powerless to stop noncomplying attorneys from circumventing sequestration orders.

¶ 15. Our reading of Wis. Stat. § 906.15(3) is consistent with a trial court's broad discretion in controlling the mode and order of examining witnesses during a hearing or trial. Wisconsin Stat. § 906.11(1) states that courts have the power to "exercise reasonable control over the mode . . . of interrogating witnesses" so as to "[m]ake the interrogation . . . effective for the ascertainment of the truth."[7] *See also State v. Payette*, 2008 WI App 106, ¶ 59, 313 Wis. 2d 39, 756

---

[7] In fact, the State all but concedes that the court would have had the authority under Wis. Stat. § 906.11(1) to enter an order restricting attorney-witness communication about prior witness testimony. Because we conclude that this authority is granted by Wis. Stat. § 906.15(3), we need not decide whether § 906.11(1) alone provides a source for this authority. We merely note that § 906.11(1) illustrates the broad scope of a court's discretion in controlling this general area.

N.W.2d 423 ("A trial court has considerable latitude in reasonable control of the courtroom and the conduct of parties and of witnesses before it."). A trial court must have the ability to further the truth-seeking objective of examining witnesses by ensuring that witnesses are unaware of testimony already provided when they testify. This is accomplished, in part, by granting courts broad powers of discretion to prohibit attorneys from sharing with witnesses who have yet to testify the testimony of prior witnesses.

¶ 16. We observe that a trial court's authority to control discussions between attorneys and witnesses who have yet to testify regarding testimony of other witnesses appears to have been accepted without question by various Wisconsin courts,[8] including the concurrence in *Green*. *Green*, 253 Wis. 2d 356, ¶ 49 (Abrahamson, C.J., concurring). "[T]o prevent potential misunderstandings" of the very kind presented in this case, the *Green* concurrence encourages courts imposing a separation or exclusion order to

> specify the scope of the order . . ., *including whether the order limits communications between witnesses and attorneys.* Thus, a circuit court might state, for example, which witnesses the order applies to, how long the order applies with respect to each witness, whether the witnesses should remain physically separate, whether the witnesses should not discuss the case or

---

[8] *See also Nyberg v. State*, 75 Wis. 2d 400, 409, 249 N.W.2d 524 (1977) (supreme court concluded the prosecutor violated the trial court's sequestration order by discussing the State's key witness's testimony in the presence of another witness who had yet to testify); *State v. Pfaff*, 2004 WI App 31, ¶ 38, 269 Wis. 2d 786, 676 N.W.2d 562 (sequestration order specifically permitted sequestered witnesses to discuss their testimony with the attorneys).

their testimony with another witness, whether the witnesses should not be told directly or indirectly what other witnesses have said, whether the witnesses should not read a transcript of another witness's trial testimony, *and whether a witness should not confer with counsel during the witness's testimony, including during a recess.*

*Id.* (emphasis added, citations omitted).

¶ 17. Cases interpreting the federal counterpart to Wis. Stat. § 906.15, Federal Rule of Evidence 615, are consistent with a reading of § 906.15(3) that includes the discretion to prevent an attorney from sharing witness testimony with other witnesses who have yet to testify at a hearing or trial.[9] "The judge's power to control the progress and . . . the shape of the trial includes broad power to sequester witnesses before, during, and after their testimony." *Geders v. United States*, 425 U.S. 80, 87 (1976). Circuit courts "ha[ve] the discretion to prohibit counsel from conferring with a witness during the witness's testimony, including during any recesses in the trial." *United States v. Magana*, 127 F.3d 1, 5 (1st Cir. 1997). Courts may also prevent sequestered witnesses from reading transcripts of tes-

[9] Federal Rule of Evidence 615 is nearly identical to Wis. Stat. § 906.15, providing, in pertinent part:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of . . . a person whose presence is shown by a party to be essential to the presentation of the party's cause . . . .

Where, as here, "a state rule mirrors the federal rule, we consider federal cases interpreting the rule to be persuasive authority." *State v. Evans*, 2000 WI App 178, ¶ 8 n. 2, 238 Wis. 2d 411, 617 N.W.2d 220 (applying cases interpreting Federal Rule of Evidence 615 in construing § 906.15).

timony of other witnesses during a recess to accomplish the purposes of a sequestration order. *See United States v. Jiminez*, 780 F.2d 975, 980 n.7 (11th Cir. 1986); *Weeks Dredging & Contracting, Inc. v. United States*, 11 Cl.Ct. 37, 50–51 (1986); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981).

¶ 18. Accordingly, we conclude that the only reasonable construction of Wis. Stat. § 906.15(3) is that a circuit court has the authority to prevent an attorney from sharing with a nonparty witness who has yet to testify the testimony of prior witnesses during a recess, including barring a witness from reading a transcript of that testimony. Consequently, we conclude that the circuit court erred by determining that it lacked this authority under the statute.[10]

¶ 19. The State argues that, even though the circuit court erred in concluding that it lacked the authority to grant the relief Copeland requested, it reached the correct result and should therefore be affirmed. *See State v. Holt*, 128 Wis. 2d 110, 124, 382 N.W.2d 679 (Ct. App. 1985) (appellate court will affirm trial court's discretionary decision if the trial court reached the correct result albeit for the wrong reason). According to the State, Copeland's motion was properly

---

[10] Copeland filed a motion for a finding of contempt against the prosecutor for mailing the hearing transcript to Thompson, which the circuit court has yet to address. Copeland acknowledges that the circuit court has yet to address this order, but requests that we exercise our supervisory authority over the circuit courts pursuant to Wis. Stat. § 752.02 and direct the court to grant his contempt motion. We decline to exercise our supervisory authority here and remand for the court to exercise its discretion in deciding this motion along with the other two motions.

rejected because: (1) the purposes of sequestration would not have been served by preventing Thompson from learning of the testimony of the other witnesses, as Thompson was already aware of the facts underlying Copeland's ineffectiveness claims by way of Copeland's submissions supporting his motion, and therefore the witness testimony would not have shaped or influenced Thompson's testimony; and (2) "Copeland fails to identify a single factual allegation that Thompson was not aware of prior to the hearing, and therefore fails to show how the disclosure of the testimony could engender falsehood."

■

¶ 20. The problem with these arguments is that they assume that the circuit court exercised its discretion in disposing of the motion. Contrary to the State's suggestion, the court did not reach the merits of Copeland's motion. It merely decided it lacked the discretion to address Copeland's motion. Moreover, although we may affirm a circuit court if it reaches a proper result for the wrong reason, *see Holt*, 128 Wis. 2d at 124, here, the decision whether to sequester witnesses is best left to the sound discretion of the circuit court. The circuit court is better positioned to determine whether to sequester witnesses and the proper scope of its sequestration order. We therefore leave it to the circuit court to decide Copeland's motion, applying Wis. Stat. § 906.15(3) in a manner consistent with this opinion.

¶ 21. Accordingly, we remand for the circuit court to address Copeland's motion in the proper exercise of its discretion under Wis. Stat. § 906.15(3). If necessary, the court may have to determine whether Thompson has read the hearing transcript and/or whether the prosecutor discussed testimony of prior witnesses with

Thompson. Under either scenario, the court must then determine whether Copeland has been prejudiced, and, if so, the proper remedy. *See Nyberg*, 75 Wis. 2d at 410.

## CONCLUSION

¶ 22. In sum, we conclude that a circuit court entering a sequestration order has the discretion pursuant to WIS. STAT. § 906.15(3) to prevent an attorney from sharing during a recess the testimony of prior witnesses with a nonparty witness who has yet to testify. We therefore remand and direct the circuit court to address Copeland's motion to clarify the scope of the court's sequestration order in the proper exercise of its discretion under § 906.15(3). If the court grants Copeland's motion, it must also address, as necessary, whether Thompson has learned about the testimony of the other witnesses by reading the transcript or by discussing the testimony with the prosecutor; if so, whether Copeland has been prejudiced; and the issue of remedy.

*By the Court.*—Order reversed and cause remanded with directions.